Good morning, Your Honors. I'm Robert Powell on behalf of the petitioner, in this case, Javier Martinez. The question in this case is whether there was clear and convincing evidence that Mr. Martinez is a danger to the community. In November 2019, the district court held that that's the standard that the government must prove in order to hold him in detention. That finding was based on constitutional grounds. As a matter of due process, the government has that burden of proof. The Board of Immigration Appeals denied release, finding that Mr. Martinez is a danger to the community. Counsel, if the question is whether he presents a danger to the community, do we have jurisdiction to even review that? Yes, I think quite clearly the court does have jurisdiction to review that issue for a couple of reasons. First of all, I would point to this court's decision in Leonardo v. Crawford, a 2011 case. In that case, the district court dismissed the petition. The immigration judge found that the petitioner in that case was a danger to the community. He filed an appeal to the district court. The district court dismissed on Section 1226E grounds, no jurisdiction. On appeal to the Ninth Circuit, on appeal to this court, this court held that the district court erred in dismissing on jurisdictional grounds on 1226E. The district court had jurisdiction to review that. The case was dismissed, but dismissed because in that case the petitioner did not exhaust his administrative remedies. He did not appeal to the Board of Immigration Appeals. But what the court said was that with respect to his argument that the immigration judge erred in finding clear and convincing evidence of danger, with respect to that issue, the district court was incorrect in dismissing on jurisdictional grounds. So that holding is filed in a number of district court cases after the Leonardo case. The one we mentioned in the brief, Umbres v. Barr, which was a challenge to the immigration judge's findings. But how do you get around the textual language of 1226E? It says directly that the discretionary judgment under this section shall not be subject to review. Yeah. So, you know, the Supreme Court and the Ninth Circuit has held that Section 1226E precludes discretionary decisions, does not preclude issues of questions of law and constitutional claims. Correct. But how is whether or not Mr. Martinez is a danger to the community a legal question? Yeah. So the issue, the legal standard that's used in this case is clear and convincing evidence of danger to the community. That is a legal standard that gets applied to the facts of the case. So the Supreme Court held in Guerrero, Las Prias, that in that situation where there's a mixed question of law and fact, where a legal standard is applied to undisputed facts, that's a legal question. That's a question of law. That is what the Supreme Court held in Guerrero. So under your theory, whether or not someone's a danger to the community is a question of law? Yes. That legal standard, clear and convincing evidence of dangerousness, is a question of law. I think that follows from this Court's decision from then-Justice Kennedy's decision in the Matamedo case, in which he indicated that that question, you know, given the facts of the case, the question of whether the legal standard, in that case danger to community or flight risk, applies is a legal question. You know, in resolving that question, whether given facts a person is a danger to the community or flight risk, the Court applies not just a discretionary concept, but it's a concept that has constitutional and statutory underpinnings, in this case constitutional underpinnings, in particular, you know, a person's due process right to freedom from restraint unless the government has a rational connection between the government's interest. How would we even do that? How would we evaluate whether or not someone's a danger to the community as a matter of law? Well, there are guidelines. The Board has provided some guidance. Yes, some guidance. That almost suggests that it's a discretionary call then. There's no, like, statutory definition for danger to the community. That's right. There's not a statutory definition. But that does not mean it's not a legal concept. For example, in the Guerrero case, the question was whether the legal question, the legal standard at issue, was due diligence, whether the petitioner had exercised, quote, due diligence. That, you know, might sort of, in the abstract, seem like a discretionary, have some discretionary overtones to that. But the Supreme Court said, no, that's, even though there's no statutory definition of, quote, due diligence, that's a legal concept, a legal standard. So following on Motamedi, lower courts, district courts, have found that this question, whether the facts show a clear and convincing evidence of dangerousness, that's a legal question that the district courts have reviewed as a matter of law. What's the jurisdictional hook in this particular case, the fact that the facts are undisputed? Yes, well, yes, certainly that's correct. I mean, because the Supreme Court said in Guerrero that where the facts are undisputed, if you apply a legal concept to those facts, that's a question of law, that courts review de novo. And this court has done that in the Motamedi case, reviewed de novo whether the person should be released. Lower courts also, particularly with respect to clear and convincing evidence of dangerousness, have ruled that that's a question of law. In fact, in this case, the district court applied that term as a matter of law. The report and recommendation given by the magistrate judge says that the clear and convincing evidence issue in this case is reviewed by the court de novo. In that case, she was following the other district court cases. Ramos is one cited in our briefing, and Calderon-Rodriguez. Both of those cases look at the underlying facts in the case and make a legal determination de novo whether or not the petitioner is in fact a danger to the community. Can I go back to the question Judge Bumate asked? I'm having trouble understanding how that would work as a legal matter, by which I mean there's no statute that gives us a definition, so I guess we'd just sort of be developing a sort of common law idea of what makes a person dangerous or what not, and then what combination of historical facts will support a conclusion that someone is dangerous and what won't. It seems it's a very peculiar sort of inquiry we'd be engaging in, isn't it? Well, there are guidelines. I mean, you look at the person's criminal record. You know, there are several factors. I mean, like the application of any other legal standard where there's no statutory definition, there are a number of factors that the court making the decision de novo has to consider, the criminal record, the recency of any conviction, any other behavior, conduct that is reflected that the petitioner shows. If the conviction is ancient or in the past, whether or not the petitioner shows rehabilitation. I suppose there's ultimately a question about whether or not, you know, if the person is going to be, if the government is going to show that there's clear and convincing evidence that the person is a danger to the community, they've got to have some evidence showing that it's likely that the person is going to reoffend. Right. But all of, I mean, I agree with you. Those are the kinds of factors that you would need to look at. But those all seem like the sort of very fact specific, you know, lots of different possible. I mean, I think you've listed a lot of factors. I think there are more that could be considered. Those are the kinds of inquiries that we usually leave to a fact finder. We don't try to lay down legal rules to govern them. Yeah, but that does not make the decision discretionary. Right. The due diligence concept, for example, the Supreme Court recognized in Guerrero, or what this court has recognized in the Motamedi case, you know, where it's there may be a number of factors to be considered. But what at least in part what makes it a legal concept is that there are that decision, whether or not a person is a danger to the community. You have to bring to bear constitutional considerations, the person's due process and liberty interests in making that decision. So how would you do that in this case? So Mr. Martinez has two prior drug convictions. And so how can we say that that's not a danger as a matter of law? I think one very important consideration is what the district court did in this case when the criminal proceedings were going on. The district court found that Mr. Martinez is not a danger to the community and allowed him to be released. So that's, you know, I think the court can look to that factor. It seemed that if the government is going to show that if the government is going to meet its burden of proof, which it has on due process grounds, it's got to explain some reason why this previous finding made by the district court was not correct. You know, maybe there's some mistake made in that determination. The government would have the burden of proving that. Or maybe it can point to something afterwards, after the court made this determination in July of 2013, something happened after his conduct shows that he's dangerous or he's getting in fights or whatever the situation might be. But there's absolutely none of that. What we have in this case, this district court determined, Judge Lasnik, in this case, determined that Mr. Martinez is not a danger to the community and allowed him to be released. That was in July of 2013. Since that time, you know, there's absolutely no evidence that Mr. Martinez has an impeccable record. Much of that time, of course, is in detention. But that's not irrelevant, the fact that he complied. The district court, with respect to the bond hearing, found that, you know, there are drugs available in prison, and Mr. Martinez avoided that. He was enrolled in drug counseling classes. He is in, you know, Bible study classes. He's got his GED. So he's done everything that he's supposed to do for, what, now we're at seven, eight, nine years since this. Thank you, counsel. We're familiar with the factual record, and you're actually a little over time. Okay. But we appreciate your argument. Thank you. All right, let's hear from the government. Good morning. May it please the court, this is Dana Camilleri for the defendant appellees. The district court properly denied Martinez's habeas petition, and he has not meaningfully challenged that decision. Instead, his arguments amount to a complaint as to how the agency weighed the evidence before it. The failure to challenge the actual substance of the district court's decision should be fatal to his appeal. In any event, the district court properly found that the board applied the correct legal standard in assessing his dangerousness, and the court should affirm the denial of this habeas petition. Can you address the jurisdictional question? Well, we did file a motion to dismiss earlier in these proceedings, which was denied. We did not object to the R&R that the district court, asserting jurisdiction, although we did make the jurisdictional argument for the district court. But obviously, the court does have its, you have jurisdiction to consider your jurisdiction. In our view, in this situation, dangerousness is covered by 1226E, and it shouldn't really be considered. And that's sort of the nature of his claims. Before the district court, he had this collateral estoppel claim and a due process claim, which is what they asserted jurisdiction over. He's completely abandoned the collateral estoppel claim in the PFR. And this court has found, albeit in an unpublished case, Freyhat, that it lacks jurisdiction to consider these kind of, the dangerousness question, and finding that it's just an attempt to kind of have the court reweigh the evidence, even though he's trying to cloak it in this legal, as a legal argument. You know, it's pretty clear we can't reweigh the evidence of dangerousness. But where the facts are undisputed, and the petitioners arguing that the right standard was not applied, and there's burden shifting, don't we have jurisdiction, at least, to figure out whether the right legal standard was applied and whether there was improper burden shifting in this case? Yes, except to the extent that I would assert that he's just cloaking. He really just wants the court to decide that him being released in 2013 outweighs all the other evidence against him. And in terms of the assertion of burden shifting... I'm sorry to interrupt. I want to make sure that I understand your argument. So you're saying, yes, we have jurisdiction, but to what extent? Well, the court found in Sing and Hernandez that it has some review over questions of law and fact, and questions of law and constitutional questions are reviewable in this context. Is this a mixed question of law and fact situation over which we have jurisdiction to decide whether there's proper allocation of the burden of proof and whether the right legal standard applied? I think that's possible, but that's not really what he's arguing. Well, that's what he's arguing, as I understand it. So let's just not deal in the realm of possibility. Under these facts, is it the government's view that this is a mixed question of law and fact situation, where the facts are undisputed, where the court can exercise jurisdiction to determine whether the right burden of proof was allocated and also whether the right standard was applied? Yes. I mean, that's what we argued in our brief, that there was limited jurisdiction to consider his arguments. And so we have limited jurisdiction to determine that legal question. How do we do that without delving into the facts to determine whether the right standard was applied? I think that's what's tricky about this case, about these cases in general. You have jurisdiction to decide constitutional or legal questions, but at the same time, how do you do that without looking at the merits or the facts of the case? Yes, I understand that tension. At least in this case, I think the board decision is actually quite clear that they didn't shift any burden onto petitioner. They simply mentioned his countervailing evidence, and they need to be able to do that so that they can acknowledge its existence and weigh it. But they ultimately concluded that having considered the totality of the evidence – and this is a direct quote – we agree with the IJ that despite Martinez's rehabilitation efforts, the serious nature of his convictions and his history of reoffending, even after several years of claimed sobriety, renders Martinez a danger to the community. And that should resolve the question. The burden was on the government. There was no improper burden shifting. And all of his other arguments do amount to trying to reach this discretionary determination. Can I make sure I understand your argument? So you're saying as long as the government applied the clear and convincing evidence standard and had the burden stay with the government, that's all we can decide? That we can't then go on to decide whether or not Mr. Martinez is actually a danger to the community? Right. Yeah, that's correct. And what's your answer? I think Martinez's argument is we have a bunch of historical facts that are facts. What was he convicted of? What date was the conviction? What's happened to him in prison and so forth? And that given those historical facts, the question of do those show that he is a danger, that that is not a factual determination. That's just the application of law to undisputed fact. Do you agree with that characterization? No, because when the agency is weighing the dangerousness, they're looking at a number of different factors that are specific to him and also specific to, for example, there's been a lot of discussion about his release while he was in criminal proceedings. But immigration proceedings have a completely different context. At the time that he was released, he still had withholding of removal. DHS had not moved to reopen his proceedings. Now at this point, the only relief available to him is cat deferral and that was something that the agency considered and whether he would have motivations to abscond. So I think it's a very complicated calculus that is really within the ambit of the agency. But, I mean, so that, the point that immigration, that he's now at a different stage and facing the prospect of removal, which he wasn't before, is a reason to draw one conclusion from the, a different conclusion than he's advocating from the historical facts. But I guess I'm not sure why that makes it something other than to the facts of what happened. So why is he wrong to view that as a legal question? Because, as I believe your honors were pointing out, when opposing counsel was up, there's no legal definition of dangerousness. It's a discretionary determination by the board. And as long as the board applied the correct legal standard here, without, to go further would be to be completely reweighing all the evidence that was before the agency. Are there any further questions? It doesn't appear that we do. You have a little bit of time. I feel like we've covered everything in our brief and other papers. So, thank you very much. All right.   But I think we've covered everything. Question in this case. And I appreciate the arguments from both sides. The matter is submitted.
judges: NGUYEN, MILLER, BUMATAY